# In Re Anonymous No. 10 D. B. 86

Disciplinary Board Docket No. 10 D.B. 86.

DOUGLAS, *Member*, April 10, 1987—.

## I. PROCEDURAL HISTORY

A petition for discipline was filed by the Office of Disciplinary Counsel on March 6, 1986, alleging therein that respondent, [    ], hereinafter referred to as "[Respondent]," violated the following Disciplinary Rules:

(a) D.R. 2-110 (B)(2), failure to withdraw from employment which is likely to result in violation of a Disciplinary Rule;

(b) D.R. 5-105 (A), acceptance of employment if the exercise of his independent professional judgment will be or is likely to be adversely affected by acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests.

(c) D.R. 5-105 (B), continuing in multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is

likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests.

An Answer was filed.

The report of hearing committee [      ], consisting of [      ], was filed on October 3, 1986, recommending an informal admonition.

## II. FACTUAL HISTORY

In May, 1984, [A], Esq., a partner in the firm of [B], consulted [C], a collection agency, to recover a fee owed to them by a party named [D]. On the advice of the said collection agency, he retained [E], in which firm respondent is the senior partner. [F], Esq., of [E] was assigned the case.

In May of 1985, the [G] County Bar Association's Lawyer Referral System sent [H] to respondent in an alleged malpractice case against the firm of [B].

On June 7, 1985, respondent wrote to [I], Esq., of the aforesaid firm, informing him of his representation of [H], and the possible malpractice action on her behalf.

On July 2, 1985, [I], Esq., replied to respondent, "further effort . . . to pursue this frivolous claim will be considered actionable by this firm."

On July 9, 1985, respondent filed the malpractice action in [      ] County to No. [      ].

On July 11, 1985, [A], Esq., wrote to respondent, advising him of the aforesaid dual representation, and threatening disciplinary action if he did not withdraw from the malpractice action.

On July 12, 1985, the aforesaid [F], Esq., of [E] advised the aforesaid collection agency that they were closing their file in the [D] collection matter, which they followed with a formal petition to withdraw.

On July 22, 1985, [A], Esq., again wrote to respondent demanding that he withdraw from the malpractice case.

On July 24, 1985, respondent replied to [A] that "I believe this firm has adequately resolved the matter by withdrawing from the collection matter."

## III. DISCUSSION

While there was admitted a technical violation of D.R. 5-105(C), in that respondent entered in a dual representation in cases involving [B], without discussing with them the exercise of his independent professional judgment on their behalf, and did not obtain their consent to be in the malpractice case, he immediately withdrew from the collection matter.

It is clear that [A], Esq., had the interest of the firm of [B] in mind, when he attempted to force respondent from the malpractice claim against his firm, when it was obvious that [H] was having difficulty in finding an attorney who would file a malpractice action against a firm of [G] County attorneys.

## IV. CONCLUSION

While there was a technical violation of D.R. 5-105(c), we believe that due to the immediate withdrawal of respondent from the collection matter on behalf of [B], the petition for discipline should be dismissed.

Messrs. Padova, Schwartzman and Keller dissent.

Mr. Curran, Ms. Heh and Dr. Gilbert did not participate in the adjudication.

## ORDER

And now, this April 10, 1987, upon consideration of the report and recommendation of hearing com-

mittee [      ] dated October 3, 1986, brief on exceptions, brief opposing exceptions, and oral argument; it is ordered and decreed, that the charges filed against [Respondent] of [      ] County, docketed at No. 10 D.B. 86,be dismissed.

Messrs. Padova, Schwartzman and Keller dissent.